UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

BARBARA A. WILLIAMS, and
BRUCE W. WILLIAMS,

        Debtors.

Case No. A12-00620-GS
Chapter 13

## MEMORANDUM ON MOTION TO DISMISS

A hearing on creditor Alaska Financial Company2, LLC's *Motion to Dismiss*[1] was held on November 5, 2012. Debtor Barbara A. Williams attended with attorney Isaac Zorea, who represented her under a *Limited Notice of Appearance*.[2] Michelle Boutin appeared on behalf of Alaska Financial. The court heard oral argument, and the testimony of Mrs. Williams.

Alaska Financial seeks dismissal of the present bankruptcy under 11 U.S.C. §109(g)(1), which provides in pertinent part that:

> [N]o individual . . . may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case.[3]

---

[1] Docket No. 8.

[2] Docket No. 25.

[3] 11 U.S.C. § 109(g)(1).

This is the second bankruptcy petition filed by the debtors this year. Their first petition was filed June 18, 2012.[4] Alaska Financial holds a first deed of trust on the debtors' residence in Chugiak. It scheduled a foreclosure sale for June 19, 2012. The debtors' first bankruptcy petition was filed the day before the scheduled sale. The case was filed under chapter 7 and converted to one under chapter 13 at the debtors' request. Roughly a month ago, an order was entered dismissing that case for the debtors' failure to file a chapter 13 plan and a means test, and failure to attend their § 341 meeting of creditors.[5] The dismissal was specifically noted as being without prejudice.[6]

After dismissal of this petition, Alaska Financial scheduled its foreclosure sale for October 16, 2012. The debtors filed the instant bankruptcy one day prior to the scheduled sale and less than two weeks after the dismissal of their earlier chapter 13 case. Alaska Financial promptly brought its *Motion to Dismiss*. It argues that the debtors' latest bankruptcy filing is an abuse of the bankruptcy process and must be dismissed based upon the "willful failure of the Debtors to abide by orders of the Court."[7] Specifically, Alaska Financial points to the debtors' failure to file a chapter 13 plan and means test by the deadlines set by the court in the earlier bankruptcy. The debtors have filed both documents in the present bankruptcy.[8]

---

[4] *In re Williams,* 12-00381-DMD (Bankr. D. Alaska).

[5] *Id.* at Docket No. 50.

[6] *Id.* at Docket No. 52.

[7] *Motion to Dismiss* (Docket No. 8), at 4.

[8] *Ch. 13 Plan* (Docket No. 19); *Ch. 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income* (Docket No. 22).

2

Section 109(g)(1) precludes a later bankruptcy only if an individual debtor *willfully* fails to appear or comply with a court order.[9] As noted by Alaska Financial, the purpose of this section is to preclude abusive serial filings invoking the automatic stay where debtors willfully fail to comply with the statutory requirements to prosecute their bankruptcy case.[10] The Bankruptcy Code does not define the term "willful." Courts, however, have "consistently held 'willful' to mean 'deliberate,' 'intentional disregard,' or 'plain indifference.'"[11] Willfulness must be defined within the context and circumstances of each individual case, and requires something "more than simply inadvertence or even reckless disregard for the debtor's duties."[12]

In their prior case, the debtors failed to timely file a chapter 13 plan and means test. Indeed, the debtors received not one, but two, extensions of time to file these documents. A debtor's failure to timely file required documents can warrant a finding of willful failure to comply with the court's orders.[13] The failure, however, must be evaluated within the context of the case. Here, based upon the record from the prior case and Mrs. Williams' testimony, the court concludes that the debtors' failure to file the required pleadings in the earlier case sprang from their inability, acting pro se, to understand and complete those documents rather than an intentional disregard of or plain indifference to their

---

[9] 11 U.S.C. § 109(g)(1) (emphasis added).

[10] *See In re Berts,* 99 B.R. 363, 365 (Bankr. N.D. Ohio 1989).

[11] *In re Nix,* 217 B.R. 237, 238-39 (Bankr. W.D. Tenn. 1998) (citing *In re King*, 126 B.R. 777 (Bankr. N.D. Ill. 1991)).

[12] 2 *Collier on Bankruptcy* ¶109.08 at 109-50 (Resnick & Sommers eds., 16th ed.).

[13] *See In re Campbell*, 266 B.R. 709 (Bankr. W.D. Ark. 2001)(court concluded that debtors had no intention to file plan in debtor's third Chapter 13 filing).

3

duties as debtors. Mrs. Williams testified to her frustration in being unable to complete the documents.[14]

The record demonstrates with equal consistency that, once the debtors understood that they would be unable to complete the documents on their own, they attempted to retain counsel.[15] Because they failed to do so in time to comply with the deadlines set in the prior case, that case was dismissed, without prejudice. But again, the debtors' attempts to retain counsel demonstrate some effort to comply with, rather than disregard, the court's orders.

Finally, in their prior case, the debtors requested several continuances of the court deadlines.[16] These requests are further evidence that the debtors were not ignoring or indifferent to their obligations.

"The failures of less sophisticated debtors to file necessary documents have not been consistently found to be 'willful' acts giving rise to § 109(g)(1) ban upon subsequent refilings."[17] These debtors have no particular sophistication in bankruptcy and appear to have realized too late that they needed the assistance of counsel to prepare a plan and means

---

[14] *See also* Docket Nos. 36 and 39.

[15] Mrs. Williams testified that she and her husband attempted to figure our how to fill out the required documents and were unable to do so. It appears that such efforts were the impetus for debtors' attempts to retain counsel. The first reference to an attempt to retain counsel was made in the debtors' *Motion for Extension of Time to File Chapter 13 Plan and Means Test* filed on September 7, 2012 (Docket No. 30). On September 21, 2012, Mrs. Williams emailed counsel for Alaska Financial, Michelle Boutin and disclosed her efforts to retain Paul Pasley as debtors' counsel. *Affidavit of Michelle Boutin*, Exhibit 1. Those efforts were apparently unsuccessful. The debtors' current statement of financial affairs, however, discloses that they paid $2,500 to Isaac Zorea, another local attorney, on September 28, 2012, the Friday before the case was dismissed. Ms. Boutin's affidavit further discloses that Mr. Zorea contacted her on the debtor's behalf that same day in an effort to obtain the cure amount. Boutin Affidavit, ¶ 5.

[16] Docket Nos. 39 and 45.

[17] *In re Walker*, 171 B.R. 197, 204 (Bankr. E.D. Penn. 1994).

4

test. The court, therefore, finds that their failure to file the plan and means test was not the result of intentional disregard or plain indifference. The debtors' unsuccessful efforts to prepare the documents, retain counsel, and extend the deadlines preclude a finding that they willfully failed to comply with the court's orders in the prior bankruptcy.[18]

Finally, the debtors' Statement of Financial Affairs indicates that they paid $2,500.00 to Mr. Zorea on September 28, 2012, for services related to bankruptcy or debt counseling.[19] This figure is almost sufficient to cover a retainer for Mr. Zorea's full representation of the debtors in this chapter 13 case, yet he has not entered an appearance in this case. He has, however, made a limited appearance on their behalf, and may have drafted the plan and means test filed in this case. The court is concerned that this payment is excessive for any pre-petition work performed. If he seeks to represent the debtors in the chapter 13, he needs to enter his appearance. On its own motion, in accordance with Fed. R. Bankr. P. 2017, the court will require Mr. Zorea to file a statement of the compensation he has been paid and the services he has or will to render to the debtors in this case.[20] The court will thereafter evaluate the statement and make a determination as to the reasonableness of such compensation, as provided by 11 U.S.C. § 329(b) and Fed. R. Bankr. P. 2017.

---

[18] Having found that the debtors may maintain this second bankruptcy, they must still timely move the chapter 13 to confirmation of a plan. Alaska Financial raised issues in its *Supplement to Motion to Dismiss* regarding the arrears that must be resolved before a plan can be confirmed. The court will schedule a confirmation hearing for the near future. Further, the court reminds the debtors that while this case is pending as one under chapter 13 they must make all post-petition mortgage payments. If they cannot do so, but still wish to protect the substantial equity which they say exists in their residence they might consider whether Chapter 7, in which a Chapter 7 trustee would be authorized to sell the property, again assuming that there is as much equity as debtors believe.

[19] Statement of Fin. Affairs (Docket No. 21), at 6.

[20] 11 U.S.C. § 329(a), Fed. R. Bankr. P. 2016(b).

5

The court finds that the debtors' failure to file documents in their earlier chapter 13 case was not a willful failure to abide by orders of the court. For this reason, Alaska Financial Company2, LLC's *Motion to Dismiss* will be DENIED. The court will set a confirmation hearing date and will also require Mr. Zorea to file an attorney disclosure statement as required by 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016(b).

Orders will be entered consistent with this memorandum.

DATED: November 20, 2012.

                        BY THE COURT

                        /s/ Gary Spraker
                        GARY SPRAKER
                        United States Bankruptcy Judge

Serve:  M. Boutin, Esq.
        Barbara Williams, Pro Se Debtor
        Bruce Williams, Pro Se Debtor
        I. Zorea, Esq., Box 210434, Anchorage, AK 99521
        L. Compton, Trustee
        U. S. Trustee